of the revenue in jeopardy cases. Because the Commissioner believes that delay will be perilous is no reason why the merits of the deficiency should not be determined by the Board. The pendency of the appeal before the Board does not mean that assessment may not be made in a jeopardy case, for the statute expressly says it may. Thus the functions of the Board and the Commissioner are both preserved. If, however, by the mere act of assessment, whether for protection or otherwise, the appeal should fall, the Commissioner would have the power in any case to deprive the taxpayer of his appeal to the Board. The belief which we entertain that he would not exercise such power except in a proper case can not affect the decision of the question whether the power exists. Should it exist, we would gladly recognize it. The statute is for us to apply as we understand it, and we accept it as we find it. We can find nothing which indicates the anomalous situation of a tribunal created to determine appeals from the Commissioner's decision, and giving the Commissioner an opportunity to be heard, and then after he becomes a party to the appeal, authorizing him to take a step by which alone the entire proceeding is abrogated. For if he may prevent or nullify the appeal by assessing simultaneously with determination and notice of the deficiency, he may do so at any time thereafter, even after hearing when he can more easily judge the likelihood of success or failure. This is not consistent with the general purpose of Congress to have the Board determine the taxpayer's appeal.

In the present case the only determination of deficiency brought to our attention is that for 1919 and 1920, of which the taxpayer was notified by registered mail on July 21, 1924. From this the taxpayer appealed in due time. This is an appeal to which he is entitled under section 274, and which, by section 900(a), the Board and its divisions shall hear and determine.

The motion is denied. The Commissioner will have twenty days within which to answer to the merits of the petition as to deficiencies for 1919 and 1920.

---

Appeal of WALLACH & MAYER, INC.        Docket No. 683.

Submitted December 17, 1924; decided January 13, 1925.

*Oscar Winkler, C. P. A.*, for the taxpayer.

*W. D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This appeal came on for hearing on December 17, 1924, when counsel for the Commissioner moved for leave to withdraw the answer and substitute a motion to dismiss the petition upon the ground that the appeal is premature in that the Commissioner has not yet made a determination from which an appeal can be taken to this Board. The Commissioner's determination was in a form known in the Commissioner's office as N. P. 3, and read as follows:

In accordance with the provisions of section 274(d) of the Revenue Act of 1924, there has been assessed against you an income and excess profits tax amounting to $1,324.11 for the taxable years 1920, 1921 and 1922, details of which are set forth in the attached statements.

Under the provisions of section 279(a) of the act, you have the right to file with the collector of internal revenue, within 10 days after notice and demand for payment, a claim for abatement of this tax or any part thereof. The claim should have attached to it all evidence and data upon which you rely in support thereof, and should be accompanied by a bond not exceeding double the amount of the claim, with such sureties as the collector deems necessary. When the claim is received by the collector it will be transmitted to the Commissioner of Internal Revenue, Washington, D. C., who will notify you of the action taken.

The division sitting granted the Commissioner's motion and dismissed the appeal. The action of the division was reviewed by the Board, which makes the following

### DECISION.

The action of the division in dismissing the appeal herein is reversed on the authority of the *Appeal of California Associated Raisin Company*, 1 B. T. A. 314, and is hereby ordered restored to the calendar for hearing.

---

## Appeal of ATKINS LUMBER CO., INC. Docket No. 253.

In the absence of any evidence whatever respecting the capital cost of natural resources acquired after March 1, 1913, the Board will not undertake to review the reasonableness of a depletion unit established by the Commissioner.

The net income of a taxpayer for the calendar year 1920 is subject to tax under the provisions of the Revenue Act of 1918 and the net loss provisions, both of that act and the Revenue Act of 1921, are inapplicable to affect the tax liability for the calendar year 1920.

Submitted December 4, 1924; decided January 13, 1925.

*M. C. Elliott, Esq.*, for the taxpayer.

*J. A. Adams, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

This is an appeal from the Commissioner's deficiency letter proposing the assessment of additional income and profits taxes for the year 1919 in the sum of $111.61, and for the year 1920 in the sum of $3,403.95. At the hearing the taxpayer was represented by counsel and produced as a witness W. S. Hope, the taxpayer's bookkeeper and auditor, from whose testimony we make the following

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the Commonwealth of Virginia. In 1914 it acquired the standing timber